IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUGENE EDWARDS, )<br>Plaintiff, )<br>vs. )<br> )<br>CLIFTON SNEED, et al., )<br>Defendants. ) | No. 3:08-CV-0237-K (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

By letter received February 11, 2008, Plaintiff Eugene Edwards (Edwards) indicated that on behalf of himself, Clayton Powell, and S. Quincy Harris, he wanted to take legal action against Clifton Sneed, Sneed Financial Services, and Phoenix Commercial Lending Group. Although the Court construed the letter as a civil complaint against the three named defendants, it noted a number of deficiencies apparent from the filing, including a lack of signature of any plaintiff other than Edwards. On March 10, 2008, Edwards filed an amended complaint wherein he indicates that he is the lone plaintiff in this action.

In an effort to flesh out the jurisdictional basis for this action, the Court mailed Edwards a Magistrate Judge's Questionnaire (MJQ).[1] His answers to the MJQ indicate that (1) he pursues this

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

action under diversity jurisdiction; (2) Clayton Powell (Powell) and American Builders, Contractors & Developers Enterprises, LLC (ABCD Enterprises) are co-plaintiffs to this action; (3) plaintiffs have lost $75,000 in the aggregate ($40,000 for Edwards and $35,000 for Powell) plus interest paid on the loans for those amounts; and (4) ABCD Enterprises has lost potential contracts, profits, etc. (*See* Answers to Questions 1 through 4 of MJQ.) The Court has granted Edwards permission to proceed *in forma pauperis* in this action. No process has been issued in this case.

## II. PARTIES TO THIS ACTION

Although Edwards filed an amended complaint which clearly indicates that he is the sole plaintiff in this action, his answers to the MJQ, Edwards characterize Powell and ABCD Enterprises as co-plaintiffs in this action.

No other purported plaintiff has signed either the complaint or amended complaint in this action. *See* Fed. R. Civ. P. 11(a) (requiring that each pleading be signed by an attorney of record or by a party personally if unrepresented by counsel). Furthermore, there is "clear precedent" for not allowing Edwards to prosecute this pro se action on behalf of Powell or ABCD Enterprises. *See Martin v. Revere Smelting & Refining Corp.*, No. 3:03-CV-2589-D, 2004 WL 852354, at *2 (N.D. Tex. Apr. 16, 2004) (recommendation of magistrate judge setting forth precedent and stating that "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis"), *adopted in part by* 2004 WL 1161373 (N.D. Tex. May 24, 2004). In addition, it is well-settled that an entity such as ABCD Enterprises "cannot appear in federal court unless represented by a licensed attorney." *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); *accord*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that

2

28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").

For all of these reasons, Edwards is the only plaintiff currently in this action.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this instance, Edwards asserts that diversity of citizenship provides the jurisdictional basis for this action. However, the amount in controversy for a case based on diversity jurisdiction must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). From his answers to the MJQ it is clear that Edwards's loss is limited to $40,000 plus interest paid on the line of credit for his loan.[2] (*See* Answer to Question 4 of MJQ.) As the party seeking to invoke this Court's jurisdiction, Edwards has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Edwards has not carried that burden.

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise

---

[2] Edwards seeks to satisfy the jurisdictional amount in controversy by aggregating his loss with losses incurred by Powell and perhaps with damages to ABCD Enterprises. As a general rule, however, multiple plaintiffs may not aggregate "separate and distinct demands" for damages to satisfy the requisite jurisdictional amount. *See Snyder v. Harris*, 394 U.S. 332, 336 (1969); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). Because neither Powell nor ABCD Enterprises are plaintiffs in this action, the Court need not determine whether the general rule definitively precludes the aggregation suggested by Edwards.

3

the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that a federal court dismiss an action if it determines that it lacks jurisdiction over the subject matter. Because it appears that the Court lacks subject-matter jurisdiction, this action should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action without prejudice[3] for lack of subject-matter jurisdiction.

**SIGNED this 7th day of April, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] "Without prejudice" indicates that the dismissal of this action of itself will not preclude Edwards from litigating his claims against defendants in state court or in a different federal action in which he properly asserts federal jurisdiction.